IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL GORDY, # 257498,     )
           )
    Petitioner,     )
           )     Civil Action No.
v.           )     3:22cv315-WKW-CSC
           )     (WO)
ROLANDA CALLOWAY, et al.,     )
           )
    Respondents.     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

On May 24, 2022, Petitioner Michael Gordy filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 claiming that the Alabama Board of Pardons and Paroles violated his rights under the Ex Post Facto Clause of the U.S. Constitution by resetting his initial parole consideration date.[1] Doc. 1. In an answer to Gordy's petition, Respondents argue, among other things, that Gordy hasn't exhausted his state court remedies for his challenge to the parole board's actions. Doc. 14. The Court agrees with Respondents and, for the reasons that follow, recommends that Gordy's petition be dismissed without prejudice.

---

[1] In 2008 Gordy was convicted in the Russell County Circuit Court on charges of attempted murder, first-degree robbery (two counts), and second-degree assault. The trial court sentenced Gordy as a habitual offender to life in prison for the attempted-murder conviction, life in prison for each robbery conviction, and 180 months in prison for the assault conviction. Gordy's initial parole consideration hearing date was scheduled for the January 2022 parole docket, but was not conducted. In May 2022, Gordy received notice that his initial parole consideration date was reset for the January 2047 parole docket.

## II.   DISCUSSION

A prerequisite to filing a federal habeas corpus petition is that a petitioner must exhaust his state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Under Alabama law, initial review of an action by the parole board "is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County." *Henley v. Alabama Board of Pardons and Paroles*, 849 So.2d 255, 257 (Ala. Crim. App. 2002); *see also Johnson v. State*, 729 So. 2d 897, 898 (Ala. Crim. App. 1997). A complete round of appellate review of an adverse ruling on a petition for common-law writ of certiorari in Alabama is by (1) appealing the denial of the petition to the Alabama Court of Criminal Appeals, *see* ALA. CODE § 12-3-9; (2) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala. R. App. P. 39(c)(1); and (3) seeking discretionary review in the Alabama Supreme Court, *see* Ala. R. App. P. 39(c). *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

Here, Gordy has yet to seek initial review of the parole board's actions by filing a petition for common-law writ of certiorari in the Circuit Court of Montgomery County, and he has not sought appellate review of any decision by the Circuit Court of Montgomery County. Gordy was afforded an opportunity to show cause why his habeas petition should not be dismissed without prejudice to allow him to exhaust his claims in the state courts. Doc. 15. He then filed a response contending that "extraordinary circumstances" warrant excusing the exhaustion requirement in his case (Doc. 16), but the Court is unconvinced that Gordy has demonstrated any extraordinary circumstances. The Court therefore does not consider it appropriate to rule on the merits of Gordy's petition without first requiring that he exhaust his claims in the Alabama courts.

### III.   CONCLUSION

Accordingly, the undersigned RECOMMENDS that Gordy's petition for writ of habeas corpus (Doc. 1) be DISMISSED WITHOUT PREJUDICE due to his failure to exhaust his state court remedies.

It is further ORDERED that by **August 23, 2022**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual

3

and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of August, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE